IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHEN HUNT,**

        **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

        **Respondent.**

CASE NO. 2:08-cv-189
CRIM. NO. 2:06-cr-0071
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claim of ineffective assistance of counsel.

Pursuant to the terms of his negotiated guilty plea, on March 23, 2006, petitioner pleaded guilty to count one of the indictment, which charged him with conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§846, 841(a)(1), (b)(1)(B)(ii). Doc. Nos. 69, 70 (filed under seal). On February 23, 2007, petitioner was sentenced to 78 months incarceration plus four years supervised release. Doc. Nos. 115, 117. Petitioner did not file an appeal.

On February 27, 2008, he filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Petitioner asserts that he was denied the effective

assistance of counsel because his attorney failed to file an appeal after being requested to do so, and because his attorney failed to conduct a proper investigation of the case prior to petitioner's guilty plea and sentencing. See Doc. Nos. 126, 128. Petitioner has submitted an affidavit in support of his claims in which he states in relevant part as follows:

> [O]n February 23, 2007, I was present at sentencing with trial counsel Leah Riebel. After the court imposed a sentence of 78 months of imprisonment, and 4 years of supervised release, I told my attorney that I wanted to appeal due to my disagreeing with my receiving the identical sentence as my co-defendant Dorian Page. I expressed my discontent, and informed her that I wanted to file an appeal. She replied that she would file an appeal, and that she would contact me later concerning that appeal. I told her that this was not fair as Page had an extensive criminal history, and I had no criminal history points. I never heard anything from Mrs. Riebel concerning my desire to appeal, after she had specifically said she would file an appeal.

*Affidavit in Support of §2255 Petition.* In response to interrogatories, petitioner states that he requested his attorney to file an appeal on February 23, 2007, at his sentencing hearing in Judge Marbley's courtroom, after being sentenced.[1]  *See Government's Response*, Doc. No. 144

The transcript of petitioner's sentencing hearing reflects that the District Court advised petitioner of his right to appeal, and petitioner stated he did not desire a notice of appeal to be filed on his behalf:

> Mr. Hunt, you have the right to appeal this sentence. If you cannot afford an appeal, you have the right to apply for leave

---

[1] A copy of petitioner's responses to interrogatories has not been made a part of the record before this Court.

2

> to file an appeal *in forma pauperis*, which means without the payment of any cost or expense to you. If that application is granted, the clerk of court will prepare or file a notice of appeal on your request. Any notice of appeal must be filed within ten days of the time that I enter judgment on your sentence.
>
> Do you wish the Court to direct the clerk's office to file a notice of appeal on your behalf at this time?
>
> DEFENDANT: No, sir.

*Sentencing Transcript*, at 21, Doc. No. 143.

Petitioner has alleged facts which, if true, may entitle him to relief. The failure of an attorney to file a timely appeal upon the defendant's request may constitute ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a

> defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). At this point, there is a factual dispute about petitioner's request to appeal that is established by his sworn statement in his interrogatory answers and which cannot be resolved unless a hearing is held.

Therefore, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claim of ineffective assistance of counsel.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    /s/ Terence P. Kemp
                                                    United States Magistrate Judge