IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN HUNT,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          **Respondent.**

CASE NO. 2:08-cv-189
CRIM. NO. 2:06-cr-0071
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence. On March 23, 2010, an evidentiary hearing was conducted on petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so. Upon consideration of the entire record and evidence submitted at the evidentiary hearing, and for the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

As previously discussed, petitioner's underlying criminal conviction on conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§846, 841(a)(1), (b)(1)(B)(ii), see Doc. Nos. 69, 70 (filed under seal), is the result of his March 23, 2006, negotiated guilty plea. On February 23, 2007, the District Court sentenced petitioner to 78 months incarceration plus four years supervised release. Doc. Nos. 115, 117. Petitioner did not file an appeal.

On February 27, 2008, he filed the instant motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. §2255. Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so, and because his attorney failed to investigate prior to sentencing. *See* Doc. Nos. 126, 128. Petitioner submitted an affidavit in support of his claim indicating in relevant part as follows:

> [O]n February 23, 2007, I was present at sentencing with trial counsel Leah Riebel. After the court imposed a sentence of 78 months of imprisonment, and 4 years of supervised release, I told my attorney that I wanted to appeal due to my disagreeing with my receiving the identical sentence as my co-defendant Dorian Page. I expressed my discontent, and informed her that I wanted to file an appeal. She replied that she would file an appeal, and that she would contact me later concerning that appeal. I told her that this was not fair as Page had an extensive criminal history, and I had no criminal history points. I never heard anything from Mrs. Riebel concerning my desire to appeal, after she had specifically said she would file an appeal.

*Affidavit in Support of §2255 Petition*. In response to interrogatories, petitioner indicated that he requested his attorney to file an appeal on February 23, 2007, "the first and only day that he saw Ms. Reibel." *Answers to Interrogatories, Government's Exhibit 2*.

> The petitioner requested that Defense Counsel Leah Reibel file an appeal in the court of Judge Marbley in the U.S. District Court for the Southern District of Ohio, at my February 23, 2007 sentencing hearing.
>
> The petitioner requested that Defense Counsel Leah Reibel file an appeal "In person" on February 23, 2007 in Judge Marbley's courtroom, after the sentence was handed down.

*See id.*

The transcript of petitioner's sentencing hearing indicates that the District Court advised petitioner of his right to appeal. At that time, petitioner stated he did not want a notice of appeal to be filed on his behalf:

> Mr. Hunt, you have the right to appeal this sentence. If you cannot afford an appeal, you have the right to apply for leave to file an appeal *in forma pauperis*, which means without the payment of any cost or expense to you. If that application is granted, the clerk of court will prepare or file a notice of appeal on your request. Any notice of appeal must be filed within ten days of the time that I enter judgment on your sentence.
>
> Do you wish the Court to direct the clerk's office to file a notice of appeal on your behalf at this time?
>
> DEFENDANT: No, sir.

*Sentencing Transcript*, at 21, Doc. No. 143.

In view of the factual dispute regarding petitioner's claim, the Court appointed counsel to represent petitioner at an evidentiary hearing on his claim. *See* Doc. No. 150, 151. At that March 23, 2010, evidentiary hearing, petitioner testified that Attorney Gary Tyack represented him through his guilty plea and until approximately one week prior to sentencing. Dorian Page, petitioner's co-defendant, hired Tyack on petitioner's behalf. After entry of petitioner's guilty plea, Attorney Tyack advised petitioner that he would be unable to represent petitioner at sentencing because Attorney Tyack had been elected judge. Attorney Tyack referred petitioner to Attorney Reibel, who worked in Tyack's office. Petitioner did not meet Attorney Reibel prior to his sentencing hearing. He spoke to her once over the telephone, at which time she told him she needed an additional $800.00

to represent him at sentencing. They did not discuss his case at that time. He first met Attorney Reibel in the hallway outside Judge Marbley's courtroom on the day of his sentencing hearing. They did not really discuss his case. He asked her to get a continuance. Petitioner indicated at sentencing that he had received a copy of his PreSentence Investigation Report at least ten days before the sentencing hearing, and had discussed it with counsel who had answered all questions he had regarding the report, *Sentencing Transcript*, at 2-3; however, he was referring to Attorney Tyack at that time.

Through counsel, petitioner objected at sentencing to the increase in his recommended sentence under the United States Sentencing Guidelines under §2D1.1(b)(1) based on the firearm found in his home. He additionally argued that he was entitled to a 4 level reduction in his recommended guideline sentenced due to his minimal role in the offense. *See Addendum to the PreSentence Investigation Report*. The Court overruled these objections, but sentenced petitioner to 78 months incarceration, which was substantially below his recommended guideline sentence of 135 to 168 months incarceration, to eliminate the disparity in sentencing between petitioner and his co-defendants. *See Sentencing Transcript*; Doc. No. 118 (filed under seal).[1]

---

[1] The District Court advised petitioner at sentencing:

Mr. Hunt... under the advisory guidelines, the recommended period of incarceration for you was 135 months. Due to the fact that your cohorts were sentenced to the range in which I sentenced you and I wanted to eliminate any disparity in sentencing, with the help of the prosecutor and with your personal circumstances and your family support, your sentence was cut substantially. I don't have any reservations because I could have imposed 135 months actually, or anywhere up to 168 months; and any

4

Still, petitioner wanted to file an appeal because he thought it unfair that he received the same sentence as his co-defendant, Dorian Page. According to petitioner, he therefore asked Attorney Reibel to file an appeal when Judge Marbley left the courtroom. She told him he could appeal, but it would cost more money. He told her that would not be a problem. She said she would file the appeal and would get back with him, but he never heard from her again. He understood that she would be filing the notice of appeal. He was busy shutting down his catering business after that time and did not learn that no notice of appeal had been filed until the time period for filing an appeal had already expired. At sentencing, petitioner told the Court he did not want a notice of appeal filed on his behalf because he did not know the meaning of appeal, was "messed up" after hearing his wife's testimony, and went blank.

Attorney Linda Leah Reibel also testified at the hearing. She stated that she shared space with Attorney Tyack until February 2007, when he was elected to the Court of Appeals. At that time, she took over petitioner's case. She reviewed his case and his plea agreement. She spoke to Attorney Tyack, who had also represented petitioner's co-defendant and filed a sentencing memorandum on petitioner's behalf. She filed the sentencing memorandum without input from petitioner. She did not recall advising petitioner that he had a choice to hire a different attorney. She did not recall if she filed a

---

reviewing Court would have determined that that would have been a reasonable sentence.

*Sentencing Transcript,* at 22.

notice of appearance. She could not recall whether the United States Sentencing Guidelines were mandatory or advisory at the time of sentencing or the basis for the District Court's imposition of a sentence below petitioner's recommended sentence under the United States Sentencing Guidelines. She spoke with petitioner when she arrived at the courthouse for his sentencing hearing. Because he had already entered his guilty plea, she did not think it necessary to meet him prior to sentencing. Petitioner's family paid her between $600.00 and $800.00 to represent petitioner. He faced 135 months incarceration. She argued for a lesser sentence, and presented testimony from his family in mitigation. According to Attorney Reibel, petitioner never asked her to file an appeal. She did not recall whether she told him he had a right to appeal. They may have had a conversation in the courtroom after sentencing, but no part of that conversation involved him requesting her to file an appeal. Further, she does not do appeals in criminal cases, although she would have filed the notice of appeal on his behalf had he requested her to do so.

The failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); United *States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal,

6

> in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). That said,

> A prisoner who moves to vacate his sentence pursuant to §2255 must demonstrate that the imposition of his sentence violates the Constitution or laws of the United States, that the court did not have jurisdiction to impose the sentence, that the sentence was excessive under the law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Under §2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin,* 330 F.3d at 736 (quoting *Davis v. United States,* 417 U.S. 333, 346 (1974)). The petitioner bears the burden of demonstrating that he is entitled to relief under §2255. *Cf. Griffin,* 330 at 736 ("To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude ..."); *see also Overdear v. United States,*

> 212 Fed. Appx. 930, 931 (11th Cir.2006) ("[T]he movant has the burden of establishing that he is entitled to relief under §2255."); *Williams v. United States*, 481 F.2d 339, 346 (2d Cir.1973) (explaining that, in a collateral attack on a criminal conviction, it is hornbook law that "the burden of proof is on the party seeking relief.").

*Strollo v. United States,* 2007 WL 2071940 (N.D. Ohio July 16, 2007).

Here, it was petitioner's burden to establish that he was denied constitutionally effective assistance of counsel because he requested Attorney Reibel to file an appeal and she failed to do so. For the following reasons, the Court concludes that petitioner has failed to meet this burden.

First, petitioner's testimony was not corroborated by any other evidence. Further, the sentencing transcript indicates that, only moments before he allegedly requested his attorney to file an appeal, he indicated to the Court that he did not want a notice of appeal filed on his behalf. Also, immediately before this alleged request, the District Court had just explained to petitioner that he should appreciate that a much harsher sentence could have been imposed, and would have been upheld on appeal. *See footnote 1, supra*. These facts lend inferential support to the conclusion that petitioner did not request his attorney, immediately after sentencing, to file an appeal on his behalf.

The Court also notes that Attorney Reibel would have been unlikely to have agreed to represent petitioner on appeal because her practice does not include federal criminal appeals. Although she could still have agreed to file a notice of appeal on his behalf, the fact that she did not do appeals makes it somewhat less likely that she would have agreed

8

to do so. Judging the credibility of the witnesses, this Court is unable to make any definitive conclusion regarding the factual dispute at issue here – i.e., whether petitioner asked Attorney Reibel to file an appeal on his behalf. When the evidence in support of and in opposition to a factual matter is equally weighted, the Court must resolve that matter against the party with the burden of proof. Here, that is the petitioner. He may have asked Ms. Reibel to file the appeal, but on this record, the Court cannot say that this possibility is more likely than the possibility that he did not. Under these circumstances, his claim must fail. To the extent that petitioner may have misconstrued any conversation with his attorney about an appeal, any such misunderstanding does not warrant federal habeas corpus relief.

As to petitioner's claim that he was denied the effective assistance of counsel because Attorney Reibel failed to conduct adequate investigation prior to sentencing, this claim likewise fails to warrant federal habeas corpus relief. In order to establish a claim of ineffective assistance of counsel under the Sixth Amendment, petitioner must show:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must

9

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697. Petitioner has failed to meet this standard here. Petitioner does not indicate, and the record does not reflect, that he was prejudiced by any inadequate performance of defense counsel.

Therefore, for all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court

may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge