IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN HUNT,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

CASE NO. 2:08-cv-189
CRIM. NO. 2:06-cr-0071
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On April 21, 2010, after conducting an evidentiary hearing, the Magistrate Judge recommended that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. The United States has not responded to the objections. The transcript of the evidentiary hearing has now been filed. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to all of the Magistrate Judge's recommendations. Specifically, petitioner objects to the Magistrate Judge's conclusion that no evidence corroborated his claim that he requested Attorney Reibel to file an appeal immediately after sentencing, and that she failed to do so. Petitioner contends that defense counsel's acknowledgment that she spoke to petitioner immediately after sentencing constitutes inferential evidence that he requested her to file an appeal at that time. He further contends that Attorney Reibel's

conduct in her representation of petitioner establishes her lack of credibility, such that this Court should credit petitioner's testimony that he requested her to file an appeal as reliable, in lieu of concluding that the evidence is evenly weighted in this respect.  Additionally, petitioner objects to the Magistrate Judge's conclusion that petitioner's below the recommended guideline sentence, as well as his statement to the District Court immediately after the sentenced was imposed that he did not want an appeal filed on his behalf, constitutes evidence that he did not request an appeal.  Finally, petitioner complains that he did not attempt to establish, at the evidentiary hearing in this case, prejudice from Attorney Reibel's alleged failure to investigate, because the evidentiary hearing was limited to determination of the factual dispute regarding whether or not petitioner had requested Attorney Reibel to file an appeal immediately after sentencing.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review.  That has included a review of the proposed findings of fact in light of the record of the evidentiary hearing.  *See Hernandez v. Estelle*, 711 F.2d 619 (5th Cir. 1983) (in reviewing Magistrate Judge's Report and Recommendation after evidentiary hearing, the Court is not required to hold a new hearing but must consider the actual testimony at the hearing and not just the Report and Recommendation and the objections thereto).  Upon careful consideration of the entire record, this Court is not persuaded by petitioner's arguments.

This Court agrees that petitioner has failed to meet his burden of proof.  The record fails to reflect the ineffective assistance of counsel as defined under *Strickland v. Washington*, 466 U.S. 668 (1984), or *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  Petitioner's plain statement,

at sentencing, that he did not want the Court to direct the clerk's office to file an appeal on his behalf, as well as the Court's imposition of 78 months incarceration, which was well below his recommended sentence under the United States Sentencing Guidelines of 135 to 168 months incarceration, tends to discredit his testimony that he immediately thereafter requested his attorney to file an appeal, as does the fact that Attorney Reibel's practice did not include appeals in criminal cases. To be sure, petitioner provided an explanation for why he told the Court he did not want to appeal but, after regaining his composure, changed his mind and, at the suggestion of Ms. Reibel, decided that the did, after all, wish to pursue a claim on appeal that he should received a lesser sentence than his more culpable co-defendant. Nevertheless, the Court agrees that the evidence on this point, which also consists of Ms. Reibel's flat denial that petitioner ever asked her to file a notice of appeal, and the lack of any incentive on her part not to file the notice, especially because she would then have advised petitioner to retain an attorney who litigated criminal appeals, creates the type of evenly-balanced factual record which leads to the resolution of the contested issue against the party bearing the burden of proof. Here, that is the petitioner. Thus, after a *de novo* review, the Court agrees with the conclusion reached by the Report and Recommendation that petitioner has not proved his version of the facts to be true - that is, he failed to show that his version is more likely to be true than the opposing version in which he did not ask Ms. Reibel to file a notice of appeal. Under these circumstances, his claim of ineffective assistance of counsel premised on counsel's not having filed a notice of appeal on his behalf fails as a matter of fact.

With respect to his other claim, regardless of whether the evidentiary hearing in this case was limited to determination of the factual dispute regarding whether or not petitioner had requested defense counsel to file an appeal on his behalf, nothing in the record demonstrates that petitioner was prejudiced by any failure of counsel to investigate prior to sentencing.  To the contrary, defense counsel succeeded in obtaining a sentence which was well below that recommended under the United States Sentencing Guidelines, and there is no showing that, had counsel done any additional investigation, an even lighter sentence might have been imposed.

For all of the foregoing reasons, and for the reason detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                ALGENON L. MARBLEY
                                                United States District Judge